# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **LISA NEWMAN** *individually, and as the wrongful death beneficiary of ELIJAH NEWMAN, deceased,*<br><br>    Plaintiff,<br><br>v.<br><br>**LYFT, INC.,**<br><br>    Defendant. | Case No. 4:23-cv-00853-MAL |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Lisa Newman's Amended Motion for Leave to File Sixth Amended Complaint (Doc. 66). Defendant Lyft, Inc. has filed a memorandum in opposition to her motion. Doc. 67. By order of the Court, Newman was not permitted to file a reply in support of her motion. Doc. 62.[1] The Motion is **GRANTED** for the following reasons.

---

[1] The Court's June 3, 2025 Order (Doc. 62) also struck Newman's so-called "Fifth Amended Complaint" for being filed without leave of Court after Newman attempted to file a different complaint than the one the Court granted leave to file in its May 21, 2025 Order (Doc. 58). The Court reminds Newman that failure to comply with the Federal Rules of Civil Procedure or an order from this Court may result in the dismissal of her case. *See* Fed. R. Civ. P. 41(b). Parties before the Court have a responsibility to know and comply with applicable rules and orders. The Court will not hesitate to take appropriate action if a party fails to do so.

## BACKGROUND

Newman brought this action against Lyft seeking to hold the company liable for the death of her husband, Elijiah Newman. Newman alleges that carjacker Torian Wilson shot and killed her husband after requesting a ride using a fake account on Lyft's rideshare app to attempt another carjacking. Doc. 63, ¶¶ 12-15. After Lyft removed the case to this Court in May 2023, Newman filed her Third Amended Complaint, asserting claims for negligence, negligent undertaking, and wrongful death. Doc. 11.

When Lyft moved to dismiss the claim under Rule 12(b)(6), Newman sought leave to file her Fourth Amended Complaint, adding a claim under the Missouri Merchandising Practices Act, a vicarious liability claim, and allegations that Mr. Newman's killer previously used the Lyft app to carjack a different Lyft driver near the same location. Doc. 19. The Court granted Newman leave to file the Fourth Amended Complaint (Doc. 28) and denied Lyft's motion to dismiss as moot in light of the amended complaint. Doc. 30.

Lyft again moved to dismiss all counts under Rule 12(b)(6), which Newman opposed. Docs. 31-33. A few weeks later, Newman voluntarily dismissed her Missouri Merchandising Practices Act and vicarious liability claims under Fed. R. Civ. P. 41(a)(2). Docs. 35, 37. Newman then filed another motion for leave to file a new amended complaint—this time, Newman's Fifth Amended Complaint. Doc. 38. The proposed Fifth Amended Complaint was attached as Exhibit A to the motion for leave.

The Court again granted Newman leave to file the amended complaint in its May 21, 2025 Order. But instead of filing the amended complaint attached as Exhibit A, Plaintiff filed a different pleading. Doc. 61. The Court struck Newman's so-called "Fifth Amended Complaint" for being filed without leave of Court (Doc. 62), and Newman subsequently sought leave to properly file it in her Motion for Leave to File Sixth Amended Complaint. Doc. 64.

Newman failed to comply with Local Rule 4.01 when filing her Motion for Leave to File Sixth Amended Complaint because she filed it without a supporting memorandum. She also failed to comply with Local Rule 4.07 because the same motion was filed without showing the textual differences between the proposed amended complaint and the operative complaint. On June 6, 2025, after the Court entered a Notice of Filing Deficiency, Newman filed this Amended Motion for Leave to File Sixth Amended Complaint (Doc. 66), in compliance with the Local Rules.

Lyft opposes Newman's latest motion. Lyft argues that Newman should not be allowed to amend because she has had ample opportunity to plead her claims, she doesn't provide any persuasive grounds for further amendment, her motion for leave relies on inaccurate assertions and mischaracterizations, she unduly delayed seeking the amendment, the amendment would prejudice Lyft, and the amendment would be futile. Doc. 67. Newman was not allowed to file a reply in support of her motion pursuant to the Court's May 21, 2025 order (Doc. 62). No other motions are currently pending before the Court.

## LEGAL STANDARD

After a party amends its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Newman requests the Court's leave here, which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave "should normally be granted absent good reason for denial. The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment.'" *Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 943 (8th Cir. 2000) (internal citations omitted).

The party opposing amendment bears the burden of proving that some reason exists to deny leave to amend. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). "[W]hether to allow a party to amend her complaint is left to the sound discretion of the district court[.]" *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

### Discussion

Lyft argues that Newman shouldn't be allowed to amend because (1) her motion for leave to amend does not provide any persuasive grounds for further amendment and relies on inaccurate assertions and mischaracterizations, (2) she has already had "ample opportunity" to amend,  (3) she unduly delayed seeking this amendment, and the

amendment would prejudice Lyft, and (4) the amendment would be futile. None of these arguments carry Lyft's burden.

### 1. Lyft has the burden of proving that some reason exists to deny leave to amend.

To start, Lyft must demonstrate compelling reasons to ***deny*** leave (rather than Newman demonstrating compelling reasons to ***grant*** leave) under Rule 15(a). Leave "should normally be granted ***absent good reason for denial***." *Popp Telcom*, 210 F.3d at 943 (emphasis added). The question is not whether Newman has provided persuasive grounds for amendment; it is whether there is good reason to deny the amendment. *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). For this reason, the Court will not deny the requested leave because of the unpersuasiveness of Newman's briefing—even if it relies on inaccurate assertions and mischaracterizations.[2]

### 2. Previous opportunity to amend is not reason alone to deny leave to amend again.

Lyft appears to suggest that having "ample opportunity" to plead claims is reason enough to deny leave to amend. Not so. The fact that a plaintiff has had previous opportunities to amend their complaint is not a good reason, standing alone, to deny leave. The "classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of

---

[2] This does not excuse inaccuracies in a party's brief. Misrepresentations undermine a party's credibility and could potentially lead to sanctions under Rule 11 of the Federal Rules of Civil Procedure.

amendment.'" *Popp Telcom*, 210 F.3d at 943 (8th Cir. 2000) (internal citations omitted). Previous amendment opportunity is not among them.

Lyft points to no precedent holding that previous amendment opportunity is reason alone to deny leave to further amend. The only Eighth Circuit case Lyft cites in support of this proposition, *Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005), upheld a district court's denial of leave, in relevant part, because the plaintiff failed to resolve the deficiencies that caused his previously amended complaint to be dismissed. As such, the district court "was not required to allow [the plaintiff] a further opportunity" to amend. That case is inapplicable here. No version of Newman's complaint has been dismissed by this Court, so no deficiencies have been identified yet. It is immaterial that Lyft *believes* that Newman's previous complaints should have been dismissed. The Court has yet to decide that question.

The district court decisions *Lyft* cites do not support this proposition either. In *Hubbard v. St. Louis Psychiatric Rehabilitation Center*, 2013 WL 1351435, at *3 (E.D. Mo. Apr. 2, 2013), the court denied leave not just because plaintiff had previously amended, but because "it would be futile to provide [the plaintiff] another attempt to plead his claim" and to prevent further delay in deciding the pending motion to dismiss. In *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558 (E.D. Mo. 2006), the district court denied leave to file a second amended complaint because "[t]he amendment [was] futile[,]" and nothing more than an improper attempt at "present[ing] theories of recovery seriatim to the

court" as the plaintiffs' previously amended complaint, along with five other complaints in other actions, had already been dismissed. *Id.* at 571. Similarly, the court in *Murrin v. Avidigm Captial Group, Inc.*, 2008 WL 11463462, at *2 (D. Minn. Nov. 26, 2008), denied a plaintiff leave to amend because of the plaintiff's repeated failure to cure the deficiencies in his previously dismissed complaints.

These decisions did not deny leave to amend simply because previous amendments had been allowed. The proposed amendments at issue were futile, or otherwise failed to make up for the shortcomings of previously dismissed complaints.  The fact that the plaintiffs in those cases had the opportunity to amend their complaints before lessened the prejudicial effect of denying their requests to amend again, but it was not an independent reason that justified denying their requests.

Amending a complaint more than once does not impermissibly "present[ ] theories of recovery seriatim to the court." *Siepel*, 239 F.R.D. at 571. *Siepel*'s prohibition on seriatim pleading deals with litigants who launch complaints again and again after being dismissed again and again. Courts faced with that scenario are not required to play pleading ping pong "in which plaintiffs file a complaint and then volley it over a rhetorical net with the court until a viable complaint emerges." *Id*. Courts may properly deny leave to amend because of "repeated failure to cure deficiencies by amendments previously allowed[.]" *Popp Telcom*, 21 F.3d at 943. But that is not the scenario here.  The Court has not dismissed any complaint in this action. Lyft's belief that Newman's

previous complaints should have been dismissed is insufficient to bar Newman from amending her complaint.

### 3. Regardless of Newman's delay, Lyft has not shown that amendment would result in unfair prejudice.

Next, Lyft argues that Newman's motion to amend should be denied because she unduly delayed seeking this amendment, and the amendment would prejudice Lyft. But "[d]elay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." *Roberson*, 241 F.3d at 995 (citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)). "'The burden of proof of prejudice is on the party opposing the amendment.'" *Id.* (quoting *Sanders*, 823 F.3d at 217). Here, Lyft fails to demonstrate that the amendment unfairly prejudices it.

Lyft argues that Newman's delay in seeking her latest amendment prejudices Lyft because it has already "briefed two motions to dismiss;" has "briefed another two motions for leave to amend," and has "been engaged in discovery on [Newman's] Fifth Amended Complaint since September 2024." Doc. 67, p. 12. But that does not explain what about this is ***unfairly*** prejudicial. There is no motion to dismiss currently pending before the Court; no motions to dismiss have been ruled on; and the prejudicial effect of having to brief a future motion for leave to amend (should this amendment be granted) is minimal. This case is also early in its procedural posture, with no case management order entered or trial date set. At this relatively early juncture, the fact that discovery has

been ongoing does not, without more, mean that unfair prejudice will result from the proposed amendment.

Lyft also argues that the proposed amendment will unfairly prejudice it because the proposed Sixth Amended Complaint includes new theories of recovery which will invariably result in the burdens of additional discovery and delay to the proceedings. However, "[w]here the facts on which a previously unasserted claim is based are all known or available to all parties, there is no prejudice in allowing an amended complaint." *Buder v. Merill Lynch, Peive, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). The new claims in the proposed amendment arise out of the same occurrence giving rise to those in the previous complaints. Much of the discovery already conducted will likely remain relevant under the proposed amendment, and there is adequate time to engage in any additional discovery necessary before trial. "Importantly, there is nothing in the record or the parties' briefs to indicate that the defendants are less able to conduct any necessary additional discovery at this time than they would have been if the plaintiff['s] motion to amend had been filed earlier." *Buder*, 644 F.2d at 694.

The Court concludes that any delay by Newman in seeking this amendment will not result in unfair prejudice to Lyft if this Court grants leave to amend. As such, neither undue delay nor unfair prejudice are reasons to deny the amendment requested here.

### 4. Lyft failed to show amendment is futile.

Finally, Lyft argues that leave to amend should be denied because amendment would be futile. The futility test is identical to the test

applied when considering a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). To survive a motion to dismiss, a complaint must plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 848. Likewise, a proposed amended complaint that fails to state a plausible cause of action may be denied as futile. *Id.* at 805-51.

### a. The Court declines to find that Newman's negligence claims are futile.

At the outset, Lyft argues that Newman's proposed negligence claims in her proposed Sixth Amended Complaint are futile because (1) she abandoned those claims when she omitted them from her operative complaint and (2) rather than respond to Lyft's arguments in its now-moot motion to dismiss the Fourth Amended Complaint, she chose to amend her complaint. But nothing in Rule 15(a) prohibits reinstatement of claims absent bad faith or unfair prejudice to the non-moving party. Here, Lyft demonstrates neither bad faith nor unfair prejudice.

"If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The negligence claims are based on the same basic operative facts and circumstances consistently alleged by Newman. Instead of showing why these allegations are not legally sufficient, Lyft attempts to "incorporate by reference" its arguments in an earlier motion to dismiss ordered moot. Doc. 67, p. 12. These arguments are not properly before the Court. *See*

E.D.Mo. L.R. 4.01(B) ("each party opposing a motion . . . must file . . . a single memorandum *containing any relevant argument and citations to authorities on which the party relies.*") (emphasis added), 4.01(D). That so, the Court is faced with no argument that Newman's proposed negligence claims are not "a proper subject of relief." Therefore, Newman should be allowed to test her claims on the merits.

The Court declines to use its discretion to find that adding the negligence claims in Newman's Sixth Amended Complaint would be futile.

### b. The Court declines to find the products liability claims futile.

Lyft argues that Newman's product liability claims are futile because the proposed amendment does not show that "the Lyft application is a 'product' for the purposes of a products liability claim" or "has any similarities to the tangible products that fall within the scope of Missouri's products liability regime." Doc. 67, p. 13. Lyft levies this argument without further elaboration. The Court is not persuaded by this conclusory argument. Newman's proposed products liability allegations are similar to those in a Missouri case establishing that the Lyft App is sufficiently similar to a tangible product to fall under Missouri products liability law. *See Ameer v. Lyft, Inc.*, 711 S.W.3d 534, 546 (Mo. Ct. App. 2025), transfer denied (May 27, 2025).

Lyft focuses instead on its argument that the proposed complaint does not "plausibly allege that [Elijah Newman's] death resulted from a defect in the app itself[.]" Doc. 67, p. 13. According to Lyft, "the crux of

the products claims is the allegation that Lyft did not sufficiently 'verify' the identity or 'determine the trustworthiness' of Mr. Wilson" and "[n]owhere do the products claims plausibly allege that a 'failure … to verify Wilson's identity' was the proximate cause of Mr. Newman's death." *Id.*

Though not a model of clarity, Newman's proposed complaint does allege that "Lyft had the data in its possession to ensure the shooting of Decedent never occurred" (Doc. 66, Exhibit A ¶ 33), yet "Lyft's own rider and driver information brought Torian Wilson and Decedent together." Doc. 66, Exhibit A ¶ 36.  The proposed complaint appears to go on to allege that Torian Wilson, Mr. Newman's murderer, took advantage of the App's defects to fraudulently request a ride he never should have been allowed to request, ultimately causing Mr. Newman's death.  In the face of Lyft's conclusory arguments, Newman's proposed Amended Sixth Complaint is not obviously futile.

The Court declines to use its discretion to find Newman's product liability claims futile.

\*        \*        \*

**IT IS HEREBY ORDERED** that Plaintiff Lisa Newman's Amended Motion for Leave to File Sixth Amended Complaint (Doc. 66) is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff Lisa Newman file a clean copy of the proposed Sixth Amended Complaint, attached as Exhibit A to her Amended Motion for Leave to File Sixth Amended Complaint.

Additionally, because no case management order is currently entered in this case, the Court will set a conference with the parties pursuant to Fed. R. Civ. P. 16 by separate order.

SO ORDERED,

This 5th day of November, 2025.

*Maria A. Lanahan*
Hon. Maria A. Lanahan
United States District Judge